# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP W. LAKADOSCH, | ) |
|     **PLAINTIFF,** | ) |
| vs. | )   CASE NO. 13-CV-577-FHM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
|     **DEFENDANT.** | ) |

## OPINION AND ORDER

Plaintiff, Phillip W. Lakadosch, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] Plaintiff Phillip W. Lakadosch's applications were denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Charles Headrick was held August 8, 2011. By decision dated September 6, 2011, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 2, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 32 years old on the alleged date of onset of disability and 37 years old on the date of the ALJ's denial decision. He has a 12th grade education and has taken some college classes. He has previously worked as a mechanic helper, gaming attendant, fast food worker, and tent erector. Plaintiff claims to have been unable to work since December 4, 2006 due to back problems and problems with both legs. [R. 136].

## **The ALJ's Decision**

The ALJ found that the Plaintiff has a severe impairment relating to lumbar degenerative disc disease. The ALJ also found that Plaintiff's hypertension and obesity are non-severe. [R. 20-21]. The ALJ determined Plaintiff has the residual functional capacity to perform sedentary[2] work that would not require him to lift more than twenty pounds occasionally and ten pounds frequently; stand and/or walk for more than two hours or sit for more than six hours in an eight-hour workday. Plaintiff is able to balance, occasionally

---

[2] Sedentary work involves lifting no more than 10 pounds at a time, no more than 2 hours of walking and standing a day, and 6 hours of sitting a day. Social Security Ruling (SSR) 83-10: *see* 20 C.F.R. §§ 404.1567(a), 416.967(a)(2012).

climb ramps and stairs, stoop, kneel, crouch, and crawl. Plaintiff is never able to climb ladders, ropes, or scaffolds. [R. 22].

Although Plaintiff was unable to perform his past relevant work and his ability to perform work at all exertional levels is limited, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 30]. Therefore, the ALJ found that the Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ's residual functional capacity assessment is not supported by substantial evidence and the evidence supports a finding he meets Listing 1.04A.

## Analysis

Plaintiff suffered a work-related back injury in December 2006. Plaintiff had three back surgeries between the date of this injury and June 2008 when, based on the results of functional capacity testing, Dr. Hendricks opined that Plaintiff could perform work at a light physical demand with no lifting over 20 pounds and with other postural restrictions. From December 2006 to June 2008, several treating physicians stated Plaintiff was temporarily totally disabled.

The ALJ stated he considered Dr. Hendricks' opinion about Plaintiff's work restrictions to be an accurate representation of Plaintiff's level of functioning after he underwent his third surgery. [R. 26]. The ALJ did not, however, address what evidence

supported a conclusion that Plaintiff was able to work at any exertional level from December 2006 to June 2008 while he underwent three back surgeries and during which time his treating physicians were of the opinion he was not able to work. During that period Plaintiff's physicians characterized his herniated disc as massive and causing severe spinal stenosis. [R. 193]. The medical record during that time frame also documents bowel and bladder dysfunction, [R. 190], persistent leg pain, [R. 190], bilateral diminished sensation, [R. 190, 197], absent deep tendon reflexes, [R. 193], leg pain, [R. 233, 235, 237, 239], and residual problems from cauda equina syndrome, [R. 243]. The ALJ's failure to adequately address the December 2006 to June 2008 time period requires that the case be remanded. On remand, the ALJ should discuss the evidence that supports a finding that Plaintiff was able to work at any exertional level from December 2006 to June 2008.

In addition, the court finds that the reasons the ALJ gave for the RFC finding for the period after June 2008 are not supported by substantial evidence, nor are the reasons the ALJ gave for finding that Plaintiff does not meet the requirements for Listing 1.04A[3] supported by substantial evidence. In formulating the RFC, the ALJ relied heavily on the June 2008 opinion of Dr. Hendricks that Plaintiff could perform light work. However, Dr. Hendricks' opinion also indicated that Plaintiff's condition was much more serious than a simple disk herniation due to cauda equina syndrome and that Plaintiff would require pain management. [R. 337]. Beginning in August 2008 Plaintiff received treatment from Dr. Cox who has continuously prescribed narcotic medications for management of Plaintiff's pain, including a Duragesic patch. [R. 459-464, 509-533, 542-578]. In addition, Plaintiff has

---

[3] The Listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1.

received epidural injections from a pain management doctor. [R. 534-537, 579-582]. The ALJ's reliance on Dr. Hendricks' June 2008 opinion to establish Plaintiff's capabilities from June 2008 to September 2011 is not supported by substantial evidence. Neither Dr. Hendricks' opinion, nor the ALJ's discussion take into account the level of medication required after Dr. Hendricks' opinion was issued or the objective findings made by Drs. Trinidad and Munneke, also after Dr. Hendricks' opinion.

The ALJ also relied heavily on the findings of the consultative examiner, Johnson Gourd, MD, who examined Plaintiff in June 2010. [R. 28]. Dr. Gourd's evaluation does not constitute substantial evidence of Plaintiff's ability to work. The question presented by Plaintiff's disability application is the degree to which Plaintiff is limited by dysfunction related to his lower back and leg pain. Dr. Gourd's evaluation does not contain specific range of motion or reflex information, even though that information is called for by the consultative examination form and is obviously relevant to the disability determination, as evidenced by the criteria for the relevant listing, 1.04A.[4] [R. 429-432].

The ALJ credited Dr. Gourd's findings over the more detailed objective findings made by Kenneth Trinidad, D.O. in December 2009, [R. 480-483], and the July 2010 evaluation by John Munneke, M.D., [R. 484-486]. Both of these physicians evaluated

---

[4] Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

Plaintiff for Workers' Compensation purposes. Dr. Trinidad's evaluation was performed at the behest of Plaintiff's Workers' Compensation attorney, while Dr. Munneke's evaluation was performed at the request of the Workers' Compensation judge. [R. 484-486]. Both of these doctors found positive straight leg raising, reduced sensory perception, reduced range of motion, and reduced leg strength. [R. 481, 485]. The ALJ stated he did not accord any special significance to the opinions of these doctors that Plaintiff is permanently disabled because they were not rating Plaintiff's disability under the Social Security definition of disability. [R. 27]. That fully explains the ALJ's rejection of the doctors' opinions but presents no reason for disregarding their objective findings.

The ALJ noted the doctors' findings and stated their findings meet the requirements for Listing 1.04A. [R. 27-28]. The reasons ALJ gave for rejecting their objective findings in favor of Dr. Gourd's findings are not supported by substantial evidence. The ALJ stated:

> The undersigned notes the objective findings on physical examination performed by Dr. Trinidad and Dr. Munneke that show decreased range of motion, and motor loss accompanied by sensory or reflex loss, with positive straight leg raising, would indicate that the claimant's impairment meets the requirements of Listing 1.04A. (See Exhibits 21F, page 2; 22F, page 2). However, Dr. Trinidad and Dr. Munneke examined the claimant on only one occasion. Dr. Smith's physical examination, the examination of Dr. Gourd, and treating surgeon and physician Dr. Hendricks' physical examination demonstrate that the claimant did not meet the requirements of Listing 1.04, as discussed above. Specifically, the claimant did not have motor loss with accompanying sensory or reflex loss.

[R. 27-28]. Dr. Gourd also only examined Plaintiff on one occasion so from that standpoint his evaluation is in the same category as Drs. Trinidad and Munneke. However as previously discussed, Dr. Gourd's report does not even address the key questions of

6

sensory or reflex loss so it is unclear from the ALJ's decision why Dr. Gourd was preferred over the other doctors. Treating surgeon and physician Dr. Hendricks' last contact with Plaintiff was June 2008, and his notes do not contain the objective testing that is required to rule in or rule out the criteria for Listing 1.04A. That is, Dr. Hendricks does not report any information about sensory or reflex loss, straight leg raising, or motor loss. It is unclear, then, why Dr. Hendricks' opinion was preferred over the other doctors. Dr. Smith's last contact with Plaintiff was March 2007. The ALJ does not explain how Dr. Smith's observations in early 2007 before Plaintiff's surgeries have any bearing on his condition between March 2007 and September 2011.

On remand the ALJ is required to discuss whether Plaintiff meets the criteria for Listing 1.04A, considering reports of physicians who actually address the criteria of the listing and considering all of the listing criteria. In addition, the ALJ is required to make a credibility determination supported by substantial evidence which employs the factors discussed in *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), paying particular attention to Plaintiff's need for narcotic medications, and side effects reported by Plaintiff.

## **Conclusion**

The court finds that the ALJ's decision is not supported by substantial evidence. The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 7th day of November, 2014.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

7